1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES ZACHARIE,

11          Plaintiff,                    No. CIV S-11-1466 EFB P

12          vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS AND
14   REHABILITATION,

15          Defendant.                    ORDER

16   _____/

17          Charles Zacharie, an inmate confined at the High Desert State Prison in Susanville, filed

18   this pro se civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff

19   has filed an application to proceed in forma pauperis.  This proceeding was referred to this court

20   by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to

21   plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

22   **I.      Request to Proceed In Forma Pauperis**

23          Plaintiff's application to proceed in forma pauperis pursuant (Dckt. Nos. 4, 6) makes the

24   showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court

25   directs the agency having custody of plaintiff to collect and forward the appropriate monthly

26   payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

1  **II.    Screening Order**

2          For the reasons set forth below, the amended complaint fails to state any claims for which

3  relief can be granted under section 1983 and must be dismissed with leave to amend.

4          Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

5  which a prisoner seeks redress from a governmental entity or officer or employee of a

6  governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

7  claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

8  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

9  from a defendant who is immune from such relief."  *Id.* § 1915A(b).

10          A district court must construe a pro se pleading "liberally" to determine if it states a

11  claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

12  opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

13  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

14  action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

15  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

16  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

17  plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

18          A claim has facial plausibility when the plaintiff pleads factual content that allows
            the court to draw the reasonable inference that the defendant is liable for the
19          misconduct alleged. The plausibility standard is not akin to a "probability
            requirement," but it asks for more than a sheer possibility that a defendant has
20          acted unlawfully. Where a complaint pleads facts that are merely consistent with a
            defendant's liability, it stops short of the line between possibility and plausibility
21          of entitlement to relief.

22  *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

23  framework of a complaint, they must be supported by factual allegations, and are not entitled to

24  the assumption of truth.  *Id.* at 1950.

25  ////

26  ////

2

1    The Civil Rights Act under which this action was filed provides:

2    Every person who, under color of [state law] . . . subjects, or causes to be
     subjected, any citizen of the United States . . . to the deprivation of any rights,
3    privileges, or immunities secured by the Constitution . . . shall be liable to the
     party injured in an action at law, suit in equity, or other proper proceeding for
4    redress . . . .

5    42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

6    establish the defendant's personal involvement in the constitutional deprivation or a causal

7    connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

8    *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

9    (9th Cir. 1978)

10   The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds

11   that it does not state a cognizable claim.  The complaint names the California Department of

12   Corrections and Rehabilitation ("CDCR") as the sole defendant.  Dckt. No. 1 at 1, 3.  Plaintiff's

13   claim is simply that the CDCR

14   improperly disposed of [plaintiff]'s personal property without notice or an
     opportunity to choose the method of disposition and/or prior to the resolution of
15   his segregation housing unit/administrative segregation status [and] . . .
     erroneously ruled that [plaintiff]'s first formal grievance was untimely filed.

16

17   *Id.* at 3.  Plaintiff seeks monetary reimbursement or the return of his property.  *Id.*

18   The complaint, as it stands, must be dismissed for two reasons.  First, the CDCR is an

19   arm of the state and thus both immune from suit under the 11th Amendment and is not a

20   "person" suable under § 1983.  *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en

21   banc); *Cohea v. Cal. Dep't of Corr. & Rehab.*, No. CV 1-07-00469-SRB, 2009 U.S. Dist. LEXIS

22   18010, at *6-7 (E.D. Cal. Feb. 26, 2009).  Thus, to proceed, plaintiff must identify as

23   defendant(s) in his amended complaint the correctional personnel he believes personally acted to

24   deprive him of his property.

25   Second, plaintiff has not alleged facts sufficient to show that the property deprivation at

26   issue was authorized and intentional.  The Due Process Clause protects prisoners from being

3

1  deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974),

2  and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728,

3  730 (9th Cir. 1974).  The U.S. Supreme Court has held, however, that "an unauthorized

4  intentional deprivation of property by a state employee does not constitute a violation of the

5  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a

6  meaningful postdeprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517,

7  533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only

8  authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

9  An authorized deprivation is one carried out pursuant to established state procedures,

10  regulations, or statutes.  *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also*

11  *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).  California provides an

12  adequate postdeprivation remedy for prisoners alleging property loss.  *Barnett v. Centoni*, 31

13  F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing California Government Code § 810-895).

14  Accordingly, to proceed, plaintiff must include in his amended complaint facts showing that the

15  property deprivation was carried out pursuant to established state procedures, regulations, or

16  statutes and was done intentionally.

17        Any amended complaint must adhere to the following requirements:

18        It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

19  Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

20  complaint, the original pleading is superseded.

21        It must show that the federal court has jurisdiction and that plaintiff's action is brought in

22  the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

23  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

24  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

25  ////

26  ////

4

1    *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

2    he does an act, participates in another's act or omits to perform an act he is legally required to do

3    that causes the alleged deprivation).

4          It must contain a caption including the name of the court and the names of all parties.

5    Fed. R. Civ. P. 10(a).

6          Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

7    P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.

8    "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may

9    join, [] as independent or as alternate claims, as many claims . . . as the party has against an

10    opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

11    Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

12    against different defendants belong in different suits, not only to prevent the sort of morass [a

13    multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

14    required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

15    or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

16    1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

17    (joinder of defendants not permitted unless both commonality and same transaction requirements

18    are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims

19    in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

20          The allegations must be short and plain, simple and direct and describe the relief plaintiff

21    seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

22    *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

23    including many defendants with unexplained, tenuous or implausible connection to the alleged

24    constitutional injury or joining a series of unrelated claims against many defendants very likely

25    will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

26    plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

1 | these instructions.

2 |      Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

3 | complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

4 | allegations and that for violation of this rule the court may impose sanctions sufficient to deter

5 | repetition by plaintiff or others.  Fed. R. Civ. P. 11.

6 |      A prisoner may bring no § 1983 action until he has exhausted such administrative

7 | remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

8 | *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

9 | claims are warranted by existing law, including the law that he exhaust administrative remedies,

10 | and that for violation of this rule plaintiff risks dismissal of his entire action.

11 |      Accordingly, the court hereby orders that:

12 |      1.  Plaintiff's request to proceed in forma pauperis is granted.

13 |      2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

14 | accordance with the notice to the Director of the California Department of Corrections and

15 | Rehabilitation filed concurrently herewith.

16 |      3.  The complaint is dismissed with leave to amend within 30 days.  The amended

17 | complaint must bear the docket number assigned to this case and be titled "First Amended

18 | Complaint."  Failure to comply with this order will result in this action being dismissed. If

19 | plaintiff files an amended complaint stating a cognizable claim the court will proceed with

20 | service of process by the United States Marshal.

21 | Dated:  January 3, 2012.

22 | 

23 | EDMUND F. BRENNAN
   | UNITED STATES MAGISTRATE JUDGE

24 |

25 |

26 |