IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ZACHARIE,

        Plaintiff,                      No. CIV S-11-1466 EFB P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION,

        Defendant.                ORDER

_____/

        Charles Zacharie, an inmate confined at the High Desert State Prison in Susanville, filed this pro se civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

        Plaintiff's application to proceed in forma pauperis pursuant (Dckt. Nos. 4, 6) makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II. Screening Order

For the reasons set forth below, the amended complaint fails to state any claims for which relief can be granted under section 1983 and must be dismissed with leave to amend.

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

////

////

2

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds that it does not state a cognizable claim. The complaint names the California Department of Corrections and Rehabilitation ("CDCR") as the sole defendant. Dckt. No. 1 at 1, 3. Plaintiff's claim is simply that the CDCR

> improperly disposed of [plaintiff]'s personal property without notice or an opportunity to choose the method of disposition and/or prior to the resolution of his segregation housing unit/administrative segregation status [and] . . . erroneously ruled that [plaintiff]'s first formal grievance was untimely filed.

*Id.* at 3. Plaintiff seeks monetary reimbursement or the return of his property. *Id.*

The complaint, as it stands, must be dismissed for two reasons. First, the CDCR is an arm of the state and thus both immune from suit under the 11th Amendment and is not a "person" suable under § 1983. *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *Cohea v. Cal. Dep't of Corr. & Rehab.*, No. CV 1-07-00469-SRB, 2009 U.S. Dist. LEXIS 18010, at *6-7 (E.D. Cal. Feb. 26, 2009). Thus, to proceed, plaintiff must identify as defendant(s) in his amended complaint the correctional personnel he believes personally acted to deprive him of his property.

Second, plaintiff has not alleged facts sufficient to show that the property deprivation at issue was authorized and intentional. The Due Process Clause protects prisoners from being

3

1  deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974),
2  and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728,
3  730 (9th Cir. 1974). The U.S. Supreme Court has held, however, that "an unauthorized
4  intentional deprivation of property by a state employee does not constitute a violation of the
5  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a
6  meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517,
7  533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only
8  authorized, intentional deprivations constitute actionable violations of the Due Process Clause.
9  An authorized deprivation is one carried out pursuant to established state procedures,
10 regulations, or statutes. *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also*
11 *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). California provides an
12 adequate postdeprivation remedy for prisoners alleging property loss. *Barnett v. Centoni*, 31
13 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing California Government Code § 810-895).
14 Accordingly, to proceed, plaintiff must include in his amended complaint facts showing that the
15 property deprivation was carried out pursuant to established state procedures, regulations, or
16 statutes and was done intentionally.

17     Any amended complaint must adhere to the following requirements:

18     It must be complete in itself without reference to any prior pleading. E.D. Cal. Local
19 Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended
20 complaint, the original pleading is superseded.

21     It must show that the federal court has jurisdiction and that plaintiff's action is brought in
22 the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must
23 contain a request for particular relief. Plaintiff must identify as a defendant only persons who
24 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
25 ////
26 ////

4

*Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: January 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6